UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

RHONDA MICHELLE JOHNSON,

PLAINTIFF,

V.

MIDFIRST BANK,

DEFENDANT,

4:24cv 986 SDJ/BD

**FILED**

NOV 0 5 2024

Clerk, U.S. District Court
Eastern District of Texas

Case No.: [To be assigned]

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, VIOLATION OF TRUTH IN LENDING ACT, FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, REQUEST FOR DISCHARGE OF DEBT, REMOVAL OF LIEN

INTRODUCTION

1. Plaintiff, Rhonda Michelle Johnson, brings this action against Defendant, MidFirst Bank, for breach of contract, violations of the Uniform Commercial Code (UCC), the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA). Plaintiff seeks damages and declaratory relief for MidFirst Bank's breach of contract and fraud due to continued enforcement of an altered promissory note, refusal to provide full disclosure of loan terms and execution, and failure to provide required verification of the alleged mortgage debt when requested as a qualified written response on three occasions.

2. Defendant MidFirst Bank asserts that it is the Holder in Due Course (HDC) of the promissory note related to Plaintiff's mortgage loan. Under UCC §§ 3-302, 3-305, 3-407, and 3-416, a Holder in Due Course is subject to specific warranties and real defenses, including those related to fraud, forgery, and alteration of the instrument. Defendant's provision of an altered promissory note and failure to disclose critical bookkeeping entries of the original loan transaction and source of funds demonstrate breaches of these UCC requirements.

3. Acting as Holder in Due Course (HDC), Defendant is obligated under UCC standards to act in good faith, which includes fair dealing in enforcing the instrument. Defendant's continued collection efforts without full disclosure of terms, adequate debt verification

1

despite disputes and fraud raised by Plaintiff, suggest a lack of good faith and violate both UCC standards applicable to HDCs and Truth In Lending.

4. Defendant's wrongful conduct has caused Plaintiff severe emotional distress, undue financial hardship including a 2018 bankruptcy. Plaintiff seeks compensatory damages, punitive damages, and specific relief, including discharge of the alleged debt, removal of any liens, and restoration of clear title to the property.

## PARTIES

1. Plaintiff, Rhonda Michelle Johnson, is an individual residing at 11363 Newberry Drive, Frisco, TX 75035.

2. Defendant, MidFirst Bank, is a federally chartered bank with its principal office located at 501 NW Grand Boulevard, Oklahoma City, OK 73118.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically , Under UCC §§ 3-302, 3-305, TILA and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

5. Plaintiff entered into a mortgage agreement with the alleged original creditor, Town Square Mortgage and Investments Inc. dba Town Square Financial, for the property located at 11363 Newberry Drive, Frisco, TX 75035 in November 2015.
   - Original Loan Account # 0051509849

6. Defendant MidFirst Bank claims to be the servicer of the loan and has been collecting on the alleged debt under.
   - Servicing Loan Account # 0057193036

7. Plaintiff sent three Qualified Written Requests (QWRs) to Defendant, December 21, 2023 (Exhibit B), May 1, 2024  (Exhibit C), and June 21, 2024  (Exhibit C), requesting verification of the mortgage debt to satisfy concerns of breach due to nonperformance and fraud due to material alteration, including and most importantly requests for:

2

- Bookkeeping entries for the promissory note related to this dispute showing the source of funds for the loan, the account number the promissory note was deposited into, a copy of the receipt, the owner of the account, and individuals having signature rights to this account.
    i. All General Acceptance Accounting Principles hereinafter referred to as GAAP records per 12 U.S.C. § 1831n, showing all debits and credits and account ledgers associated with the promissory note subject to this dispute.
    ii. Documentation that the original creditor followed GAAP, putting its own assets at risk to finance the alleged debt, per 12 U.S.C. § 1831n and 12 C.F.R. § 741.6.

8. Despite these requests, Defendant failed to provide the required documents, only providing copies of the altered promissory note (suggesting a breach of contract due to nonperformance and potential fraud in the origination of the loan), unauthenticated billing statements, and payment history which do not meet the legal standards for debt verification.
   - Verification requires "Confirmation of correctness, truth, or authenticity by affidavit, oath or deposition. In accounting, it is the process of substantiating entries in books of account.

9. On [June 21, 2024], Plaintiff sent a third Qualified Written Request (QWR) to Defendant, explicitly demanding that an authorized officer or agent of the Lender respond by affidavit within 30 days to provide bookkeeping entries related to the original loan transaction, source of funds, and comply with the legal definition of verification. Plaintiff clearly stated that failure to respond would be deemed a dishonor of this notice.

10. Defendant continued collection efforts, including phone calls and demands for payment, in violation of UCC (which prohibits enforcing altered and fraudulent promissory notes), despite the disputed nature of the debt.

11. Defendant has not provided the Plaintiff with bookkeeping entries related to the original loan transaction nor verified the source of funds that funded the loan.

12. .Defendant claims that it is not the original creditor but maintains it is the Holder in Due Course, thereby asserting rights to enforce the promissory note.

13. The altered promissory note provided by Defendant raises substantial questions about the legitimacy of the debt and performance under the agreement. Under UCC § 3-305, a

3

Holder in Due Course is subject to defenses of fraud and material alteration, which directly apply given the evidence of forgery and lack of sufficient verification.

14. Defendant's refusal to provide the requested verification by affidavit, combined with its ongoing collection activities and a foreclosure notice (Exhibit D) despite repeated disputes from Plaintiff, has caused Plaintiff undue stress, and financial hardship including a bankruptcy in 2018.

15. Plaintiff has consistently made demand payments and although becoming unemployed in October 2023, the Plaintiff entered into a Mortgage Assistance Plan from October 2023 through August 2024 and resumed making full demand payments on the mortgage in September 2024 until this matter is resolved. Plaintiff has actively pursued additional financial options, including applying for a HUD loan to cover back payments and bring the account current.

   ○ Prior to entering into a Mortgage Assistance Plan, MidFirst indicated that back payments would be added to the end of the alleged loan upon exiting the plan and seemingly due to disclosure requests is requesting full payment or foreclosure.

16. Plaintiff fully intends to bring the account current with or without a HUD loan, pending full disclosure of loan terms, bookkeeping entries, source of funds to verify fraud, breach of contract, and concealment of material facts didn't occur. Plaintiff's consistent efforts to meet her financial obligations demonstrate her good faith and willingness to resolve this matter responsibly. Plaintiff is simply requesting bookkeeping entries related to the original loan transaction to exercise right to full disclosure, performance under the agreement, and determine fraud or misrepresentation did not occur. Full disclosure of the terms and execution of the agreement in light of material alteration is a reasonable request.

17. Despite Plaintiff's ongoing efforts to pay and bring the account current including resuming the standard monthly payment amount in September 2024, Defendant continues to threaten foreclosure, which would unjustly enrich MidFirst Bank given the property's significant appreciation in value. The property is currently valued at over $600,000, compared to the original price of $300,000, with an outstanding loan balance of approximately $250,000.

18. Foreclosure would result in a substantial financial windfall to MidFirst Bank at the expense of Plaintiff, who has consistently acted in good faith to meet her obligations.

4

Defendant's pursuit of foreclosure despite the ongoing disputes and Plaintiff's efforts to pay signifies their intent to profit unjustly.

## LEGAL IMPLICATIONS OF FORECLOSURE AND UNJUST ENRICHMENT

19. Defendant's actions threaten to unjustly enrich MidFirst Bank by allowing it to acquire a property worth significantly more than the alleged outstanding loan balance through foreclosure. Such actions are inequitable, particularly given Plaintiff's continued efforts to make payments under duress and verify the legitimacy of the debt.

20. Plaintiff requests that the Court recognize the disproportionate benefit that Defendant would receive through foreclosure and consider this factor when evaluating Plaintiff's request for injunctive relief to halt all any future foreclosure actions pending verification of the debt by legal standards.

## CAUSES OF ACTION

### Count I – Breach of Contract

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22. Defendant MidFirst Bank, acting as servicer and HDC of the promissory note, has breached contractual obligations by refusing to provide full disclosure of:
    - Original loan terms and material bookkeeping entries;
    - Source of funds for the original loan, indicating Defendant's right to enforce the debt.

Defendant's noncompliance with these requests demonstrates bad faith and hinders Plaintiff's ability to ascertain the debt's legitimacy further violating Plaintiff's rights under the Truth In Lending Act (TILA).

23. The material alteration to the promissory note impacts Plaintiff's obligations and constitutes a breach of contract, as it modifies the original loan terms without consent.

**Count II – Fraud**

24. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Plaintiff asserts that MidFirst Bank represented and attempted to enforce a promissory note that was materially altered (Exhibit A). The alterations to the note, which impact payment terms, interest rates, or additional fees, directly impact Plaintiff's performance and obligations. Enforcing these altered terms constitutes fraud.

26. Under the Uniform Commercial Code (UCC), as Holder in Due Course, MidFirst is subject to defenses such as material alteration and fraud. Specifically:

   - **UCC § 3-305**: restricts a Holder in Due Course from enforcing terms that have been materially altered without the consent of all parties involved.
   - **UCC § 3-416**: states that holders of negotiable instruments make specific warranties regarding the instrument's authenticity and validity. By presenting an altered note for payment, MidFirst has breached these warranties, violating Plaintiff's right to rely on the original, unaltered terms issued by Town Square Financial.

27. Defendant engaged in fraudulent conduct by providing altered copies (Exhibit A) of the promissory note and after receiving written notice in the form of a QWR that the promissory note had been altered, failing to provide substantive evidence that the loan was funded with the original creditor's own assets, violating 12 U.S.C. § 1831n.

## Count III  Violation of TILA Requirements and Concealment of Material Information

28. Plaintiff asserts that Defendant MidFirst Bank, acting as both the loan servicer and Holder in Due Course (HDC) of the promissory note has violated its disclosure obligations under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., by failing to provide full disclosure of loan terms particularly when the Plaintiff notified MidFirst of the altered security (promissory note) that changed the terms of the agreement without the Plaintiff's knowledge.

29. Under TILA, any action which may be brought against a creditor may be maintained against any assignee of such creditor (15 U.S.C. § 1641(f)(2)).  Plaintiff's request for specific details regarding the original loan terms and funding source ties directly to TILA's purpose: to ensure transparency, accuracy, and full disclosure of the terms of the

agreement. MidFirst's failure to provide these records impedes Plaintiff's right to full disclosure of loan terms and raises questions about whether material terms were altered without Plaintiff's knowledge or consent. By withholding this information, MidFirst violated TILA's disclosure mandates, as Plaintiff was unable to verify the terms MidFirst sought to enforce.

## Count IV – Intentional Infliction of Emotional Distress

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Defendant's continued and unlawful collection efforts, threats of foreclosure, refusal to provide full disclosure of terms and execution of the agreement, and verify the debt caused Plaintiff undue stress, emotional distress, and financial hardship, including Plaintiff's bankruptcy filing prior to discovery of the breach and material alteration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

32. Declare the debt invalid due to Defendant's failure to verify its legitimacy and material alteration of the promissory note.

33. Award Plaintiff compensatory damages of $600,000 for undue stress, financial hardship, increased credit costs due to bankruptcy, and related damages.

34. Award punitive damages of $900,000.

35. Order the discharge of the alleged debt, removal of any liens against Plaintiff's property, and clear title transfer of 11363 Newberry Drive, Frisco, TX 75035 to Plaintiff.

36. Order Defendant to cease all collection activities, including foreclosure efforts.

37. Grant any further relief the Court deems just and proper.

## Service of Process

Plaintiff, Rhonda Michelle Johnson, will ensure that a copy of this Complaint and Summons is properly served upon Defendant, MidFirst Bank, in accordance with the Federal Rules of Civil Procedure, within the time allowed under Rule 4(m).

7

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**Rhonda Michelle Johnson**
**11363 Newberry Drive**
**Frisco, TX 75035**

**EXHIBIT A: Altered Agreement (EXCERPT)**

Attached is the altered document that MidFirst provided in response to my first QWR. The **"Allonge to Note"** was not on any documents the Plaintiff signed. It is an alteration and was added without Plaintiff's knowledge.

**EXHIBIT B: First Qualified Written Requests (QWRs) (EXCERPT. FULL COPY AVAILABLE UPON REQUEST)**

Attached are copies of QWRs sent by Plaintiff on [December 23, 2023], specifically requesting verification of the debt, including bookkeeping entries.

**EXHIBIT C: Second & Third Qualified Written Requests (QWRs) (FULL LETTER)**

Attached are the second and third QWRs sent to the Defendant on May 1, 2024 and June 21, 2024 respectively.

**EXHIBIT D: Foreclosure Threats**

Foreclosure Notices (Documenting Defendant's collection and foreclosure threats despite ongoing disputes)

**EXHIBIT E: Owner/Assignee of Loan**